# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  1:07CR326** |
| | ) | |
| **Plaintiff,** | ) | **Judge Peter C. Economus** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ELAINE PRITCHETT,** | ) | **ORDER** |
| **aka, ELAINE MELTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

On February 27, 2008, the Defendant, Elaine Pritchett, aka, Elaine Melton, was sentenced to three years probation, for Theft of Public Money, a Class C felony.

On or about September 27, 2010, the Defendant's probation officer submitted a violation report alleging the following violations of the terms of probation:

1. **Failure to Comply with Supervision Directives:** During an office visit on August 23, 2010, the offender claimed she was unable to void upon the directive of this officer to submit to drug testing.  Further, she could not wait because of work.  She agreed to return that afternoon.  She failed to return as directed.

2. **Failure to Submit to Drug Testing:** The offender failed to submit to weekly code-a-phone urine screens at the Probation Office for the months of July 2010 and August 2010.

3. **Failure to Complete Intensive Outpatient Drug Treatment:** On August 26, 2010, the offender was referred to Fresh Start, Inc. to participate in Intensive Outpatient Drug Treatment.  According to Fresh Start, during both interviews

and urine screens, the offender acted very angry and uncooperative. She never reported for her drug assessment and submitted urine screens sporadically. She was terminated as a program failure on September 8, 2010.

4. **Failure to Complete Residential Drug Treatment:** On September 11, 2010, the offender began participation in detox drug treatment at the Neal Kennedy Recovery Center, Youngstown. According to the Center, the offender acknowledged that she last used heroin on September 10, 2010. The Center further reported that at times, the offender was disrespectful and angry towards staff. She completed detox treatment on September 15, 2010. She was immediately placed into residential treatment at the Orca House, Cleveland.

   The offender began participation in Residential Drug Treatment at Orca House, Cleveland on September 15, 2010. According to an Orca House Administrator, immediately upon arrival she acted belligerent towards staff because of the nonsmoking policy. This behavior escalated to the point where she threatened to do bodily harm towards clients. She was terminated as a program failure on September 19, 2010.

   On September 20, 2010, the offender reported to the Probation Office to discuss her discharge from the Orca House. During the visit, this officer explained to her the consequences of her actions. When asked to comment on her behavior, she began to cry and acknowledged to this officer and Aftercare Treatment Specialist Mable Harris she was actively using drugs. She pled for another chance, and asked to return to drug treatment. Accordingly, this officer enrolled her in the Residential Treatment Program at Compass, Toledo.

   On September 21, 2010, the offender began residential drug treatment at Compass. According to a Compass Administrator, upon her arrival, she wasted no time in displaying her dissatisfaction. She acted very belligerently. She was uncooperative and often hostile towards staff. On the second day of treatment, she threatened to do bodily harm to other clients. This behavior was witnessed by staff. When confronted about her behavior, she cursed at staff and refused to comply with program directives. Consequently, staff isolated her from other clients and placed her in a separate room for observation. She was terminated as a program failure on September 23, 2010.

5. **Unauthorized Drug Use:** The offender provided urine specimens on August 26, August 27, September 1, and September 20, 2010 which tested positive for extended opiates. Verification is pending.

The matter was referred to Magistrate Judge George J. Limbert to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. The Defendant appeared before the Magistrate Judge for an initial appearance on the alleged violations on September 27, 2010, and was represented by counsel Edward G. Bryan. At the hearing, the Defendant admitted to violations one through five. The Magistrate Judge has issued a report and recommendation, recommending that the Court find that the Defendant has violated the terms of her probation. (Dkt. #39).

The Court has reviewed the Magistrate Judge's report and recommendation and finds that it is well-supported. The Defendant has admitted violations one through five of the probation officer's violation report. As a result, the Court finds that the Defendant has violated the terms of her probation. Because violation number five involves drug possession, and violation number two involves a failure to submit to drug testing, pursuant to 18 U.S.C. §§ 3583(g)(1) and (g)(3), respectively, the Court must revoke the term of probation and require the defendant to serve a term of imprisonment, subject to the exception listed in 18 U.S.C. § 3583(d). Subsection (d), provides that "the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception."

The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing

sentence.  The guideline range is 4 to 10 months pursuant to U.S.S.G. § 7B1.4(a).  Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation.  (Dkt. # 39).  Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's probation is **REVOKED**, and the Defendant is sentenced to ten (10) months imprisonment.  No term of supervision shall follow.

**IT IS SO ORDERED.**

Issued: September 30, 2010          s/ Peter C. Economus
                                    PETER C. ECONOMUS
                                    UNITED STATES DISTRICT JUDGE